UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TWOWS, LLC,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## COMPLAINT

Plaintiff TWOWS, LLC ("Twows" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified in the caption, which are set forth on Schedule "A[1]" (collectively, the "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. Defendants are promoting, selling, reproducing, offering for sale, and distributing goods using unauthorized reproductions of Twows' copyrighted works within this district through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs").

2. Like many other famous copyright owners, Plaintiff suffers ongoing daily and sustained violations of its copyright at the hands of infringers, such as Defendants herein, who

---

[1] Schedule A will be filed under seal.

wrongfully reproduce Plaintiff's copyrights for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiff's copyrights, as well as the destruction of the legitimate market sector in which it operates.

3. In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, Plaintiff has expended significant amounts of resources in connection with copyright enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement. The exponential growth of infringing conduct over the Internet, particularly through online marketplace platforms, has created an environment that requires companies, such as Plaintiff, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the negative effects of confusion and the erosion of the goodwill connected to Plaintiff's copyrighted work.

**JURISDICTION AND VENUE**

4. This is an action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

5. This Court has subject matter jurisdiction pursuant to 17 U.S.C. §§ 101 *et seq*., and 28 U.S.C. §§ 1331 and 1338.

6. Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this District through at least the Internet based e-commerce stores and fully interactive commercial Internet websites accessible in Florida and operating under the Seller IDs. Upon information and belief, Defendants infringe Plaintiff's copyright in this District by advertising, using, selling, promoting and distributing unauthorized

reproductions of Plaintiff's copyrighted work through such Internet based e-commerce stores and fully interactive commercial Internet websites.

7. Venue is proper in this District pursuant 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this District by advertising, offering to sell, selling and/or shipping infringing products into this District. Finally, Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a), which states that "civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights… may be instituted in the district in which the defendant or his agent resides or may be found." Defendants may be found in this District, as they are subject to personal jurisdiction herein.

## THE PLAINTIFF

8. Twows is the owner of the motion picture The Wolf Of Wall Street, which is valid and registered with the United States Copyright Office, Registration Number PA0001872685 (the "Copyrighted Work").

9. The Copyrighted Work is a 2013 American biographical crime black comedy film directed by Martin Scorsese and written by Terence Winter, based on the 2007 memoir by Jordan Belfort. It recounts Belfort's perspective on his career as a stockbroker in New York City and how his firm, Stratton Oakmont, engaged in rampant corruption and fraud on Wall Street, which ultimately led to his downfall. Leonardo DiCaprio, who was also a producer on the film, stars as Belfort, with Jonah Hill as his business partner and friend, Donnie Azoff, Margot Robbie as his wife, Naomi Lapaglia, and Kyle Chandler as FBI agent Patrick Denham.

10. The film premiered in New York City on December 17, 2013, and was released in the United States on December 25, 2013, by Paramount Pictures, and was the first major American film to be released exclusively through digital distribution. It was a major commercial success,

grossing $392 million worldwide during its theatrical run, becoming Scorsese's highest-grossing film.

11. Twows has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Copyrighted Work in the United States and throughout the world.

**THE DEFENDANTS**

12. Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the United States, including within this district through the operation of Internet based e-commerce stores via Internet marketplace websites under the Seller IDs.

13. Defendants are the past and present controlling forces behind the sale of products infringing Plaintiff's Copyrighted Work as described herein using at least the Seller IDs.

14. Upon information and belief, Defendants directly engage in unfair competition by advertising, offering for sale, and selling goods bearing the Copyrighted Work or derivatives thereof, to consumers within the United States and this District through Internet based e-commerce stores using, at least, the Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiff. Defendants have purposefully directed some portion of their illegal

activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of infringing goods into the State.

15. Defendants have registered, established or purchased, and maintained their Seller IDs. Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs.

16. Upon information and belief, some Defendants have registered and/or maintained their Seller IDs for the sole purpose of engaging in illegal activities.

17. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing unauthorized reproductions or derivative works of one or more of Plaintiff's copyrights unless preliminarily and permanently enjoined.

18. Defendants use their Internet-based businesses in order to infringe the intellectual property rights of Plaintiff.

19. Defendants' business names, *i.e.*, the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of infringing goods bearing Plaintiff's copyright are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff. Moreover, Defendants are using Plaintiff's famous copyright to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

## GENERAL FACTUAL ALLEGATIONS

### *Twows' Intellectual Property Rights*

20. Plaintiff is the owner of the following copyright registered in the United States of America:

| Registration Number | Registration Date | Title of Work |
|---|---|---|
| PA0001872685 | Dec. 26, 2013 | THE WOLF OF WALL STREET / TWOWS, LLC ; TWOWS, LLC. |

21. Plaintiff's registration of the Copyrighted Work identified herein pre-dates Defendants' infringement thereof. A true and correct copy of the U.S. Copyright Office's online record for this work is attached hereto as **Exhibit 1.**

22. Plaintiff has all exclusive rights in and to the Copyrighted Work and controls all licenses to distribute, perform, and enforce its rights to the Copyrighted Work.

*Defendants' Infringing Conduct*

23. Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale infringing goods in interstate commerce using exact copies and confusingly similar copies of the Copyrighted Work through at least the Internet based e-commerce stores operating under the Seller IDs (collectively, the "Infringing Goods").

24. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods without authority to use the Copyrighted Work.

25. Defendants advertise their Infringing Goods for sale to the consuming public via e-commerce stores on Internet marketplace websites using at least the Seller IDs . In so advertising these goods, Defendants improperly and unlawfully use reproductions of the Copyrighted Work or derivatives thereof, without Plaintiff's permission.

26. As part of their overall infringement scheme, Defendants are, upon information and belief, employing and benefitting from substantially similar, advertising and marketing strategies

based, in large measure, upon an illegal use of infringements of the Copyrighted Work. Specifically, Defendants are using infringements of Plaintiff's famous Copyrighted Work in order to make their e-commerce stores and websites selling illegal goods appear more relevant, authentic, and attractive to consumers searching for Plaintiff's related goods and information online. Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine Copyrighted Work on the World Wide Web, (ii) causing an overall degradation of the goodwill associated with the Copyrighted Work, and/or (iii) increasing Plaintiff's overall cost to market the Copyrighted Work and educate consumers about its Copyrighted Work via the Internet.

27. Upon information and belief, Defendants are concurrently targeting their infringing activities toward consumers and causing harm within this District and elsewhere throughout the United States. As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

28. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Copyrighted Work, including its exclusive right to use and license such intellectual property.

29. Defendants' use of the Copyrighted Work, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Plaintiff's consent or authorization.

30. Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights. If

Defendants' willful and intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

31. Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias seller identification names being used and/or controlled by them.

32. Further, upon information and belief, Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff.

33. Plaintiff has no adequate remedy at law.

34. Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Copyrighted Work.

35. The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Goods.

## COUNT I -- INFRINGEMENT OF COPYRIGHT

36. Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff has registered and owns the copyright in and to the registered work identified on Exhibit 1 hereto.

38. Defendants have copied, performed, and distributed this Copyrighted Work through their advertising, distributing, offering for sale, and selling of Infringing Goods as part of a large scale and ongoing daily illegal enterprise. This illegal enterprise, without injunctive relief, will continue through the Defendants' Seller ID's as well as through other seller identifications

owned now or in the future by the Defendants.

39. Defendants are directly liable for infringing Plaintiff's Copyrighted Work under the Copyright Act, 17 U.S.C. §§ 106(1), (2), (3), (5) & 501.

40. Without authorization from any Plaintiff, or right under law, Defendants have directly infringed Plaintiff's Copyrighted Work by their copying, display, and distribution of those works used by Defendants to cause and effect the copying, display, and/or distribution of those works through their advertising, distributing, offering for sale, and selling of Infringing Goods.

41. Defendants have actual and constructive knowledge, or should have knowledge, of their infringement of Plaintiff's Copyrighted Work.

42. The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights in the Copyrighted Work.

43. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights, Plaintiff is entitled to actual damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

44. Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

45. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c), or such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

46. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

47. In addition, Plaintiff is entitled to injunctive relief, as set forth below, because of

the continuing infringement of many of Plaintiff's Copyrighted Work and because of the significant threat of future infringement as evidenced herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

A.      Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C. § 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from infringing, counterfeiting, or diluting the Masha and The Bear Marks; and from using any reproduction, counterfeit, copy, or colorable imitation of the Copyrighted Work in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants.

B.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, associated ecommerce stores and websites, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing infringements of the Copyrighted Work.

C.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction

issued by the Court, identify any e-mail address known to be associated with Defendants' respective Seller ID.

D.	Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing infringements of the Copyrighted Work via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Copyrighted Work associated with and/or linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing infringements of the Copyrighted Work.

E.	Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

F.	Entry of an Order requiring Defendants to pay Plaintiff for all profits and damages resulting from Defendants' copyright infringement activities, together with appropriate interest thereon; that Defendants be required to account to Plaintiff for, and disgorge to Plaintiff, and to

pay to Plaintiff, all the gains, profits, savings and advantages realized by Defendants from their acts of copyright infringement described above; or, at Plaintiff's election, that Plaintiff be awarded statutory damages from Defendants in the amount of one hundred and fifty thousand dollars ($150,000.00) per each registered Copyrighted Work infringed, as provided by 17 U.S.C. § 504(c), enhanced to reflect the willful nature of Defendants' infringement, instead of an award of actual damages or profits, and be awarded its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

      G.    Entry of an order requiring Defendants to pay prejudgment interest according to law.

      H.    Entry of an order for such other and further relief as the Court may deem proper and just.

Date:   April 12, 2022

Respectfully submitted by,

THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*/s/ Nicole Fundora*
Richard Guerra
Fla. Bar No. 689521
Email: rguerra@brickellip.com
Nicole Fundora
Fla. Bar No. 1010231
Email: nfundora@brickellip.com
*Counsel for Plaintiff*